UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EDNA BRIGHT, | |
| Plaintiff, | Case No. 3:18-cv-00756 |
| v. | Judge Eli J. Richardson |
| | Magistrate Judge Alistair E. Newbern |
| REBECCA N. BARTLETT, | |
| Defendant. | |

To:    The Honorable Eli J. Richardson, District Judge

**REPORT AND RECOMMENDATION**

This Freedom of Information Act case is referred to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(A) and (B) to dispose or recommend disposition of pretrial motions. (Doc. No. 5.) Now before the Court is Defendant Rebecca N. Bartlett's motion to transfer venue to the Eastern District of Tennessee or, alternatively, for an extension of time to respond to pro se Plaintiff Edna Bright's complaint. (Doc. No. 16.) For the following reasons, the Magistrate Judge will RECOMMEND that Bartlett's motion be GRANTED and that this action be TRANSFERRED to the Eastern District of Tennessee under 28 U.S.C. § 1406(a).

**I.      Factual and Procedural Background**

Bright filed this action on August 8, 2018, under the Freedom of Information Act (FOIA) against Bartlett, who is the Clerk and Master for Lincoln County, Tennessee. (Doc. No. 1.) In a one-page complaint, Bright alleges that Bartlett has refused to provide transcripts or the record from unspecified court hearings and appears to seek an order requiring their production. (*Id.*) Bartlett filed the pending motion for transfer of venue to the Eastern District of Tennessee or, alternatively, for an extension of time to respond to Bright's complaint on March 22, 2019. (Doc.

No. 16.) Bartlett argues that venue is not proper in the Middle District of Tennessee because Bright resides in the Eastern District of Tennessee and the relevant records she seeks are located there. (*Id.*) Bright responded to the motion in the form of a letter addressed to the Court in which she states that Bartlett's attorney "called on March 21, 2019 asking for an extension" and that Bright denied the request. (Doc. No. 19.) Bright did not address the question of whether her action should be transferred.

## II.        Legal Standard

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss or transfer a lawsuit on the basis of improper venue. Fed. R. Civ. P. 12(b)(3). In a FOIA action, venue is proper in "the district in which the complainant resides, or has [her] principal place of business, or in which the agency records are situated, or in the District of Columbia . . . ." 5 U.S.C. § 552(a)(4)(B). When a court finds that venue is improper, it may, under 28 U.S.C. § 1406(a), "dismiss, or if it be in the interest of justice, transfer [the] case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). It is Bright's burden to establish that venue is proper and the Court "must draw all reasonable inferences and resolve factual conflicts in favor of [Bright]." *Receiver of Assets of Mid-Am. Energy, Inc. v. Coffman*, 719 F. Supp. 2d 884, 891 (M.D. Tenn. 2010) (quoting *Gone to the Beach, LLC v. Choicepoint Servs., Inc.*, 434 F. Supp. 2d 534, 536–37 (W.D. Tenn. 2006)). The Court may look outside the complaint in its venue analysis. *Id.*

## III.        Analysis

The Middle District of Tennessee is not the proper venue for this FOIA action. Bright resides in Fayetteville, Tennessee, which is located in Lincoln County. Lincoln County is within the Eastern District of Tennessee. Further, Bartlett, who is the Clerk and Master for Lincoln County, claims that the records that Bright seeks in this action are located there. (Doc. No. 16-1, PageID# 39.) In responding to Bartlett's motion, Bright states only that she opposes Bartlett's

2

request for additional time to respond to the complaint; she does not argue that the relevant records can be found in the Middle District of Tennessee, that she has a principal place of business here, or that venue is otherwise proper in this Court. Bright has therefore failed to meet her burden to establish proper venue. The action should be transferred to the Eastern District of Tennessee, where both parties reside and where the records at issue are located.

## IV.        Recommendation

The Magistrate Judge RECOMMENDS that Bartlett's motion to transfer venue (Doc. No. 16) be GRANTED and that this action be TRANSFERRED to the Eastern District of Tennessee under 28 U.S.C. § 1406(a).

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 30th day of April, 2019.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge