UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | | |
|---|---|---|
| EDNA BRIGHT, | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| | ) | No. 4:19-CV-33 |
| v. | ) | REEVES/STEGER |
| | ) | |
| REBECCA N. BARTLETT, | ) | |
| | ) | |
|     *Defendant*. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Edna Bright ("Bright")[1] brings this action against Rebecca Bartlett ("Bartlett"), Clerk and Master for Lincoln County, Tennessee, under the Freedom of Information Act, as codified in 5 U.S.C. § 552. Bright alleges that she requested court transcripts, but Bartlett did not provide them. Before the Court is Bartlett's motion to dismiss the action for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Bright has responded, and the motion is ripe for adjudication. Following her response to Bartlett's motion to dismiss, Bright moved for default judgment against Bartlett under Federal Rule of Civil Procedure 55(a). The Court will address each motion in turn.

---

[1] Plaintiff Bright has a long history of filing repetitive, vexatious, and frivolous litigation and was repeatedly warned that restrictions on Court access may be incurred. *See Bright v. Cantrell, et al.*, No. 4-16-cv-00053, Doc. 9 at 1, Aug. 11, 2017; *Bright, et al. v. Toves, et al.*, No. 4:13-cv00005, Doc. 21 at 2, Aug. 11, 2017; *Bright v. Wilson*, No. 4:17-cv-00082, Doc. 5 at 5, July 23, 2018; *Bright v. Eversole, et al*., No. 4:17-cv-00046, Doc. 25 at 4-5, April 23, 2019. Consequently, Bright was permanently enjoined from filing new lawsuits or other documents in this Court without seeking the Court's permission to file. *In Re: Edna Bright Permanent Injunction Order*, No. 3:19-mc-00020, Doc. 1, May 30, 2019. Nevertheless, as this action was pending when Bright was permanently enjoined from filing suit in this Court, the Court will rule upon the merits of the motions before the Court in this case.

**I.     Motion to Dismiss**

   **A.  Background**

Bartlett is the Clerk and Master for Lincoln County, Tennessee.  Bright alleges that she requested transcripts for hearings conducted in "case no. 13520" and was informed that "there are no transcripts."  Instead, Bright alleges that Defendant Bartlett gave Plaintiff "two discs[,] claiming that both were records of" the case.  However, Bright has alleged that both discs "are blank" and that Bartlett "is refusing to release the information."

Consequently, Bright, appearing *pro se*, filed a complaint against Bartlett in the Middle District of Tennessee under the Freedom of Information Act on August 8, 2018.  However, Bartlett was not served until after February 22, 2019.  On March 22, 2019, Defendant moved to transfer venue to the United States District Court for the Eastern District of Tennessee, which was granted on May 9, 2019.  On May 23, 2019, Bartlett moved to dismiss for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  Bright responded on June 7, 2019.  Subsequently, Bright filed a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(a) on October 9, 2019.

   **B.  Standard of Review**

When considering a motion to dismiss under Rule 12(b)(6), a court must accept the complaint's factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003).  A court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), but the court need not accept naked assertions, such as "legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  Indeed, "[the] complaint must contain either direct or inferential

allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434 (6th Cir. 1988).

Further, a *pro se* plaintiff is "held to less stringent [pleading] standards than . . . lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, a court's "lenient treatment generally accorded to pro se litigants has limits," *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996), and leniency does not compel the court to "abrogate basic pleading essentials in pro se suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Consequently, reciting the elements of a cause of action or "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" do not suffice and the claim must be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If there is an "absence of law to support the type of claim made," then dismissal of the action is proper. *Allen v. Anderson Windows, Inc.*, 913 F. Supp. 2d 490, 498 (S.D. Ohio 2012).

### C. Analysis

The Freedom of Information Act ("FOIA") provides a vehicle for disclosure of information held by federal agencies, absent an exemption. *See NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 220–221 (1978); *see also St. Michael's Convalescent Hosp. v. State of Cal.*, 643 F.2d 1369, 1372 (9th Cir. 1981). When a complaint is filed under the FOIA in a United States District Court, the court may "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

An "agency" under the statute is "each authority of the Government of the United States," with certain exceptions. *Id.* § 551(1). Consequently, the FOIA does not apply to state or local agencies or governments. *See id.* §§ 551, 552; *Dillard v. Dep't of Treasury*, 87 F. App'x 524, 525

3

(6th Cir. 2004) (approving dismissal of a suit brought "under the FOIA against the state and local government offices and employees because the FOIA does not apply to state or local governments or agencies"); *see also St. Michael's Convalescent Hosp.*, 643 F.2d at 1373 (stating "'agency' does not encompass state agencies or bodies"); *Davidson v. Georgia*, 622 F.2d 895, 897 (5th Cir. 1980) (stating "the [Federal] Freedom of Information Act has no application to state governments"); *Lathrop v. Juneau & Assocs., Inc. P.C.*, 220 F.R.D. 322, 327 (S.D. Ill. 2004) (stating "Federal FOIA does not apply to state governments"). Likewise, the FOIA does not apply to private persons. *See Dillard*, 87 F. App'x at 525.

Here, Bright has sued Bartlett as "Clerk & Master" for failing to provide Bright with the requested hearing transcripts or case records. First, regardless of whether Bright is suing Bartlett in her official or individual capacity, the FOIA does not provide a cause of action against private persons. Second, the FOIA does not provide a cause of action in suits against state or local governments or agencies. Lincoln County and the Lincoln County Chancery Court do not fall under the purview of the Federal FOIA. Because the FOIA under 5 U.S.C. § 552 is wholly inapplicable to the allegations Bright makes against Bartlett, there is no relief that can be granted by this Court.

**II. Motion for Default Judgment**

Under Federal Rule of Civil Procedure 55(a), when a defendant "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a).

Here, Bartlett has not failed to "otherwise defend" this case. The words "otherwise defend" presume inaction by a defendant. *See, e.g.*, *Wickstrom v. Ebert*, 101 F.R.D. 26, 32–33 (E.D. Wis. 1984); *George & Anna Portes Cancer Prevention Center, Inc. v. Inexco Oil Company*, 76 F.R.D.

216, 217 (W.D. La. 1977); *Bryant v. City of Marianna*, 532 F.Supp. 133, 137 (N.D. Fla. 1982). A motion to dismiss for failure to state a claim upon which relief may be granted falls within the scope of "otherwise defending" the case. *See Wickstrom*, 101 F.R.D. at 33; *see also Bass v. Hoagland*, 172 F.2d 205, 210 (5th Cir.); *Rudnicki v. Sullivan*, 189 F.Supp. 714, 715 (D. Mass. 1960).

Consequently, apart from the fact that this case is subject to dismissal for failure to state a claim upon which relief may be granted, because Bartlett has not failed to "otherwise defend" the case, Bright's motion for default judgment must be denied.

### III. Conclusion

Consequently, in a contemporaneously filed judgment with this memorandum opinion and order, Defendant Bartlett's motion to dismiss [D. 34] will be **GRANTED** and Plaintiff Bright's motion for default judgment [D. 37] will be **DENIED**. This action will be **DISMISSED WITH PREJUDICE**.[2]

**IT IS SO ORDERED.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[2] In light of this Court's Order enjoining Bright from making future filings without the Court's permission, any future filings must comply with the procedures set forth in the injunction order. *See In Re: Edna Bright Permanent Injunction Order*, No. 3:19-mc-00020, Doc. 1, May 30, 2019.